NO. 04-14-00041-CR

IN THE COURT OF APPEALS FOR THE
FOURTH SUPREME JUDICIAL DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

KYLE MILLER

Appellant

VS.

THE STATE OF TEXAS

Appellee

APPEALED FROM THE 175TH JUDICIAL DISTRICT COURT
OF BEXAR COUNTY, TEXAS
CAUSE NO. 2011-CR-5502

APPELLANT'S SUPPLEMENTAL BRIEF

KYLE MILLER
B.C.A.D.C.
200 N. COMAL ST.
SAN ANTONIO, TEXAS 78207
APPELLANT PRO-SE

i

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . .ii

INDEX OF AUTHORITIES . . . .iii-vii

AMENDED/SUPPLEMENTED ARGUMENT . .1-8

AMENDED/SUPPLEMENTED FIRST POINT OF ERROR. . . .1

Right to speedy trial under §3161(H) and Sixth Amendment. .1

AMENDED/SUPPLEMENTED SECOND POINT OF ERROR. . . .2

Appellant's point is further substantiated in and of the fact. .2-3

AMENDED/SUPPLEMENTED THIRD POINT OF ERROR . . . .4-

The blatant disregard for policy and procedure as well as the. .4

AMENDED/SUPPLEMENTED FOURTH POINT OF ERROR . . . .5

As previously briefed, the admittance of testimony by Court. . .5

AMENDED/SUPPLEMENTED FIFTH POINT OF ERROR . . . .6-8

Appellant's claim of ineffective assistance of counsel did first. . .6

PRAYER. . . . . .9

CERTIFICATE OF SERVICE . . .10

# INDEX OF AUTHORITIES

Allridge V. Cockrell
92 Fed. Appx. 60 (5th Cir. (Tex.) 2003) .................... .6

Agard V. Portuondo
159 F. 3d 98 (CA2 1998) ................................ .6

Bartmess V. State
708 S.W. 2d 905, 909-10 (Tex. App.-Tyler 1986) ........... .3

Beard V. State
158 U.S. 550, 555 (1895) ............................... .3

Berger V. U.S.
295 U.S. 78, 88 (1935) ................................ .2

Brady V. Maryland
397 U.S. 753 (1970) .................................. .2

Brady V. Maryland
U.S. Sup. Ct. (1963) ................................. .2

Brewer V. Williams
430 U.S. 387, 398-399, 97 S. Ct. 1232 (1977) ............ .4

Brooks V. State
323 S.W. 3d 893 (Tex. Crim. App. 2010) ................. .3

Burns V. State
159 Tex. Crim. 183, 184-85, 262 S.W. 2d 406, 407 (1953) .. .3

Cain V. State
947 S.W. 2d 262, 264 (Tex. Crim. App. 1997) ............ .3

Castilla V. State
374 S.W. 3d 357 (Tex. App. San Antonio 2010) ........... .3

Cox V. Curtin
698 F. Supp. 2d 918 (W.D. Mich. 2010) ................. .2

Crane V. Kentucky
476 U.S. 683, 690 [106 S.Ct. 2142 [(1984)] .............. .1, 2

Dennis V. Wetzel
966 F. Supp. 2d 489 (E. D. Pa. 2013) .................. .2

Dickerson V. U.S.
U.S. Sup. Ct. (2000) ................................. .4, 5

Doggett V. United States
505 U.S. at 652, n. 1, 112 S.Ct. 2686 (1992) ........... .1

Downum V. United States
372 U.S. 734, 737, 83 S.Ct. 1033, 10 L. Ed. 2d 100 (1963) . .3

Dyson V. State
672 S.W. 2d 460, 463 (Tex. Crim. App. 1984) ............ .3

Ex Parte Peterson
117 S.W. 3d 804, 816-17 (Tex. Crim. App. 2003) ......... .6, 8

Garner V. State
868 S.W. 2d 656,658 n. 1 (Tex. App. Fort Worth 1993, pet ref'd) .6,8

Geders V. United States
425 U.S. 80, 96 S.Ct. 1330...(1976) . . .2,7

Gideon V. Wainwright
U.S. Sup. Ct. (1963) . . . . .4

Godfrey V. Georgia
446 U.S. 420,428, 100 S.Ct. 1759, 64 L.Ed. 2d 398 (1980). .7

Greene V. Cooper
2013 WL 1567444 (W.D. La. 2013). . . .6

Hardin V. Stephens
WL 1724849 (N.D. Tex. 2014) . . . .3

Hardin V. Wainwright
678 F. 2d 589, 592 (5th Cir. 1982) . . .8

Harris V. State
827 S.W. 2d 949, 956 (Tex. Crim. App. 1992) . . .1

Henderson V. State
906 S.W. 2d 589, 594-95 (Tex. App.-El Paso 1995) . .3

Henderson V. United States
476 U.S. 321, 90 L.Ed. 2d 299, 106 S.Ct. 1871 (1986) . .1

Jeffers V. Lewis
5 F.3d 1199, 1203 (9th Cir. 1992) . . . .3

Jones V. State
544 S.W. 2d 139, 142 (Tex. Crim. App. 1976) . . .3

Llamas V. State
991 S.W. 2d at 68 (Tex. App.-Amarillo 1998) . . .3

Llamas V. State
12 S.W. 3d 469 (2000). . . . .3

Lockett V. Ohio
438 U.S. 586, 606, 98 S.Ct. 2954, 2965 (1978). . .2

Lombard V. Lunaugh
868 F. 2d 1475 (CA5 1989) . . . .6

Lopez V. State
WL 4487555 (Tex. App. Austin 2013) . . .3

Malloy V. Hogan
U.S. Sup. Ct. (1964). . . . .4,5

Maples V. Steagall
427 F. 3d 1020 (CA 6 2005) . . . .1

McKenna V. McDaniel
65 F. 3d 1483 (CA 9 1995) . . . .3

Mempa V. Rhay
389 U.S. 128,134, 88 S.Ct. 254, 256 19 L.Ed. 2d 336 (1967) . .7

Meyer V. Estelle
621 F. 2d 769 (5th Cir. (Tex.) 1980) . . .8

Mich. V. Tucker
417 U.S. 433 (1974) . . . . .4,5

Moffett V. Kolb
930 F.2d 1156 (CA7 1991) . . . . .4,5,6

Murray V. Carrier
477 U.S. 496, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986) . .8

Napue V. People V. Illinois
360 U.S. 264, 3 L. Ed. 2d 1217, 79 S. Ct. 1173 (1959) . .4,5,6

Nero V. Blackburn
597 F.2d 991, 994 (5th Cir. 1979) . . .8

Owens V. State
836 S.W. 2d 341 Tex. App. Fort Worth (1992) . .7

Parle V. Runnels
505 F.3d 922 (CA9 2007) . . . .1,2,5,7

People V. Eatman
91 N.E. 2d 387, 390 (Ill. 1950) . . . .3

People V. Tomlins
107 N.E. 496 (N.Y. 1914) . . . .3

Ries V. Quarterman
522 F.3d 517 (5th Cir. (Tex.) 2008) . . .6

Robinson V. State
139 S.W. 3d 748 (Tex. App.- Corpus Christi 2004) . .8

Rothgery V. Gillespie Cnty, Tex.
554 U.S. 191, 171 L. Ed. 2d 366, 128 S. Ct. 2578 (2008) . .4

Smith V. Texas
420 S.W. 3d 207 (Tex. App. 1st. Dist. 2013) . .7

Sternlight V. State
540 S.W. 2d 704, 706-07 (Tex. Crim. App. 1976) . .3

Strickler V. Greene
527 U.S. 263, 282 (1999) . . . .2

Tave V. State
620 S.W. 2d 604 (1981) . . . .2

Thompson V. Keohane
516 U.S. 99, 133 L. Ed. 2d 383 (1995) . . .4,5

Townsend V. Burke
344 U.S. 736, 68 S. Ct. 1252, 92 L. Ed. 1690 (1948) . .7

United States V. Agurs
427 U.S., at 104, 112-113, 96 S. Ct., at 2397, 2401-2401 (1976) . .2

United States V. Olsen
737 F.3d 625, 626 (9th Cir. 2013) . . .2

United States V. Pugliese
805 F.2d 1117 (CA7 1986) . . . .7

United States V. Robinson
455 F.3d 602, 607 (6th Cir. 2006) . . .1

U.S. V. Amlani
111 F.3d 705 (CA9 1997) . . . .2

V

U.S. V. Cronic
466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984) . . . . . .8
U.S. V. Garcia
660 F. Supp. 2d 281 (W.D. Mich. 2009) . . . . . .1
U.S. V. Marion
404 U.S. 307, 313, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971) . . .1
U.S. V. Rivera
384 F. 3d 49 (CA 3 2004) . . . . . . .6
U.S. V. Seltzer
595 F. 3d 1170 (CA 10 2010) . . . . . . .1
U.S. V. Stever
603 F. 3d 747 (CA 9 2010) . . . . . . .2
U.S. V. Tory
52 F. 3d 207 (CA 9 1995) . . . . . . .1,3,4,5,8
Valentine V. State
587 S. W. 2d 399, 400-01 (Tex. Crim. App. 1979) . . .3
Vela V. Estelle
708 F. 2d 954 (CA 5 1983) . . . . . . .6
Walberg V. Israel
766 F. 2d 1071 (CA 7 1985) . . . . . . .2,7
Warren V. State
565 S. W. 2d 931, 933-34 (Tex. Crim. App. 1978) . . .3
Washington V. State of Texas
388 U.S. 14, 18 L. Ed. 2d 1029, 87 S. Ct. 1920 (1967) . .8
Wilson V. State
311 S. W. 3d 452, 458 (Tex. Crim. App. 2010). . . .4
Zedner V. U.S.
547 U.S. 489, 164 L. Ed. 2d 749, 126 S. Ct. 1976 (2006) . .1
RULES
Texas Rules of Evidence - Rule 803(6) . . . . .7
Texas Rules of Appellate Procedure - 44.2(a) . . .3
Texas Rules of Appellate Procedure - 44.2(b) . . .3

STATUTES
Texas Code of Criminal Procedure:
Article 37.07 . . . . . . . .7
Article 38.23 . . . . . : .5
CONSTITUTIONAL PROVISIONS
Texas Constitution, Article I § 10 . . . . .5,6,8
Texas Constitution, Article I § 14 . . . . .6

United States Constitution, Amendment V . . 5,6

United States Constitution, Amendment VI . . 1,4,6,7

GOVERNMENT CODES

18 U.S.C. § 3161 (H) . . . . 1

U.S. V. Cronic
466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed. 2d 657 (1984) . . . 8

U.S. V. Garcia
660 F. Supp. 2d 281 (W.D. Mich. 2009) . . . .1

U.S. V. Marion
404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed. 2d 468 (1971) . .1

U.S. V. Rivera
384 F. 3d 49 (CA 3 2004) . . . . .6

U.S. V. Seltzer
595 F. 3d 1170 (CA 10 2010) . . . . .1

U.S. V. Stever
603 F. 3d 747 (CA 9 2010) . . . . .2

U.S. V. Tory
52 F. 3d 207 (CA 9 1995) . . . . .1,3,4,5,8

Valentine V. State
587 S. W. 2d 399, 400-01 (Tex. Crim. App. 1979) . .3

Vela V. Estelle
708 F. 2d 954 (CA 5 1983) . . . . .6

Walberg V. Israel
766 F. 2d 1071 (CA 7 1985) . . . . .2,7

Warren V. State
565 S. W. 2d 931, 933-34 (Tex. Crim. App. 1978) . .3

Washington V. State of Texas
388 U.S. 14, 18 L.Ed. 2d 1029, 87 S.Ct. 1920 (1967) . .8

Wilson V. State
311 S. W. 3d 452, 458 (Tex. Crim. App. 2010). . .4

Zedner V. U.S.
547 U.S. 489, 164 L.Ed. 2d 749, 126 S.Ct. 1976 (2006) .1

RULES
Texas Rules of Evidence - Rule 803(6) . . .7
Texas Rules of Appellate Procedure - 44.2(a) . .3
Texas Rules of Appellate Procedure - 44.2(b) . .3

STATUTES
Texas Code of Criminal Procedure:
Article 37.07 . . . . . .7
Article 38.23 . . . . . .5

CONSTITUTIONAL PROVISIONS
Texas Constitution, Article I § 10 . . .5,6,8
Texas Constitution, Article I § 14 . . . .6

U.S. V. Cronic
466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed. 2d 657 (1984) . . . . . . 8

U.S. V. Garcia
660 F. Supp. 2d 281 (W.D. Mich. 2009) . . . . . . . . . . . . . .1

U.S. V. Marion
404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed. 2d 468 (1971) . . . .1

U.S. V. Rivera
384 F. 3d 49 (CA 3 2004) . . . . . . . . . . . . . . . . . . . .6

U.S. V. Seltzer
595 F. 3d 1170 (CA 10 2010) . . . . . . . . . . . . . . . . . .1

U.S. V. Stever
603 F. 3d 747 (CA 9 2010) . . . . . . . . . . . . . . . . . . .2

U.S. V. Tory
52 F. 3d 207 (CA 9 1995) . . . . . . . . . . . . . . . .1,3,4,5,8

Valentine V. State
587 S. W. 2d 399, 400-01 (Tex. Crim. App. 1979) . . . . . . . .3

Vela V. Estelle
708 F. 2d 954 (CA 5 1983) . . . . . . . . . . . . . . . . . . .6

Walberg V. Israel
766 F. 2d 1071 (CA 7 1985) . . . . . . . . . . . . . . . . . .2,7

Warren V. State
565 S. W. 2d 931, 933-34 (Tex. Crim. App. 1978) . . . . . . . .3

Washington V. State of Texas
388 U.S. 14, 18 L.Ed. 2d 1029, 87 S.Ct. 1920 (1967) . . . . . .8

Wilson V. State
311 S. W. 3d 452, 458 (Tex. Crim. App. 2010) . . . . . . . . . .4

Zedner V. U.S.
547 U.S. 489, 164 L.Ed. 2d 749, 126 S.Ct. 1976 (2006) . . . . .1

RULES

Texas Rules of Evidence - Rule 803(6) . . . . . . . . . . . . .7
Texas Rules of Appellate Procedure - 44.2(a) . . . . . . . . . .3
Texas Rules of Appellate Procedure - 44.2(b) . . . . . . . . . .3

STATUTES
Texas Code of Criminal Procedure:
Article 37.07 . . . . . . . . . . . . . . . . . . . . . . . . .7
Article 38.23 . . . . . . . . . . . . . . . . . . . . . . . . .5

CONSTITUTIONAL PROVISIONS
Texas Constitution, Article I §10 . . . . . . . . . . . . . .5,6,8
Texas Constitution, Article I §14 . . . . . . . . . . . . . . .6

United States Constitution, Amendment V . . 5,6

United States Constitution, Amendment VI . . 1,4,6,7

## GOVERNMENT CODES

18 U.S.C. § 3161 (H) . . . . 1

## AMENDED/SUPPLEMENTED FIRST POINT OF ERROR

The right to a speedy trial as outlined in the Sixth Amendment to the United States Constitution and the speedy trial act § 3161(H), were ignored in Appellant's case as is evident in his time from arrest until trial, which arrest came before indictment, in which he remained incarcerated, spanned some two years. Looking at _U.S. V Marion_, as delay _is_ measured from date of arrest or indictment, whichever is earlier, and looking to _Henderson V. United States_; (§3161(H)); _Zedner V. U.S._; _U.S. V. Seltzer_; _U.S. V. Garcia_; _United States V. Robinson_; _Doggett V. United States_; and _Maples V. Stegall_; it is found that delay's ranging "approaching one year", and two years, even twenty-five months are "presumptively prejudicial". This can be given to the State's lack of a significant case as well as ineffective assistance of counsel even if Appellant did not use counsel at trial, (fired Victor Maas, obtained James Wheat). This ineffectiveness of said counsel is what led to Appellant's filing of the _Motion for Speedy Trial_, alleged and reffered to as "hybrid" representation", which is not the case as all the motions have a line at the bottom left of all C.R. pages 68-70; 116-118; 137-139; 162-163; 166-167; 180-181; 185-186; 202-203; 207-208; 226-227; 246-247; 254-255; 271-273; and 281-282 which under it states "Attorney for Defendant. This is _not_ hybrid representation but ineffective counsel as not once, even after sending _Supplemental Demand from Defendant to Attorney of Record_ (C.R. pg. 190), request #1 is to file/sign _Motion for Speedy Trial_, did obtained counsel even try to perform his duties and seemingly aide the State further by violating Appellant's due process and effective assistance of counsel as required by the United States Constitution and the Texas Constitution. This caused irrepairable damage to both Appellant and his ability and opportunity to present a meaningful and complete defense, _Crane V. Kentucky_. Had Appellant's rights not been violated he possibly would not have been convicted or in the very least been able to present a meaningful and purposeful defense and a substantial witness who passed away during the prejudicial and unhumanitary wait endured by Appellant. Lastly, in holding with _Harris V. State_, a delay of 8 months or more from date of arrest or indictment, whichever is earlier, is "presumptively prejudicial" and will trigger a speedy trial analysis on it's own and is a due process violation of counsel's neglect as well as due process violation of the Court, _Parle V Runnels_. See also _U.S. V Tory_ as to determine whether this error was more probable than not harmless, or whether it did in fact in a cumulative, as briefed, deprive Appellant of a fair trial.

1.

## AMENDED/SUPPLEMENTED SECOND POINT OF ERROR

This point is further substantiated in and of the fact that the government influence on proceedings is a violation of due process initiated and facilitated by the Court, *Geders V. United States*; *Lockett V. Ohio*; *U.S. V. Amlani*; *Walberg V. Israel*; *Earle V. Runnels*; which removed Appellant's ability to present a complete defense, *Crane V. Kentucky*; coupled with the prosecutor aiding the judge in doing so. These violations were accomplished by withholding exculpatory evidence allowed under *Brady V. Maryland (1963)(1970)*; and upheld further by citing *Berger V. U.S.*; *Strickler V. Greene*; *Dennis V. Wetzel*; *United States V. Olsen*; as these substantiate what a violation of withholding this evidence is, "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of good faith or bad faith of the prosecution". This establishes that the defense's request of victim's record which would have shown and validated Appellant's assertion of reasonable fear or knowledge of imminent danger, had it not been suppressed or even lied about (R.R. volume 4 of 6, pgs. 7-8), hence State's *Motion in Limine*, (C.R. pgs. 320-324) as this information was requested on/file stamped via James Wheat on 8-26-2013 (C.R. pgs. 283-286), and C.R. pgs 300-302. This information was requested almost three months prior to first trial, citing *United States V. Agurs*, "the proper standard of materiality of the undisclosed evidence, and the standard applied by the trial judge in this case, (Hon. Mary Roman and Hon. Pat Priest both) is that if the omitted evidence creates a reasonable doubt of guilt that did not otherwise exist, then constitutional error has been committed, as the violation arises from the suppression of the evidence and is due to the character of the evidence, not the prosecutor." Nevertheless, the U.S. Court of Appeals reversed as failure provide victim's record to defense did not deprive him of a fair trial when it appeared record was not requested by defense counsel. If this is so, then under the aforementioned Rules of Evidence with the motions filed compelling discovery, Appellant's conviction should be reversed as well, as this is the test for materiality of exculpatory information not disclosed to defense by the prosecution. This type of behavoir, hindering and preventing discovery, violates a substantial due process, Constitutional right, see *U.S. V. Stever*. State's case is that Appellant's verbal argument with victim showed he attacked first, yet in *Tave V. State*, provocation of words alone did not and were not "reasonably calculated and intended to provoke attack" as Appellant's contention is that of *Tave* as deceased attacked first due to Appellant's words and conduct, "What the hell is this?" and "I'm leaving.". The withholding of *Brady* materials is a violation, *Cox V. Curtin*, that removes the burden of proof that is on the State. Looking at what evidence was kept from Appellant during

2.

both proceedings against him, the burden of proof could not have been met which is required of them. See *Brooks V. State*; *Castillo V. State*; *Lopez V. State*; and *Hardin V. Stephens*. This just further aids and substantiates the rallying and granting of a mistrial, (Appellant wanted acquittal, counsel asked for mistrial to "try again") so as to marshall a better case in retrial, *Downum V. United States*, (state) The reasoning behind this blatant suppression of material to support Appellant's claim of self defense, is supported in he was defending himself in his home and was justified in doing so. In accord with the holdings of *Bartness V. State*; *Burns V. State*; *Beard V. State*; *People V. Fatman*; *People V. Tomlins*; *Sternlight V. State*; *Henderson V. State*; and *Valentine V. State* as they substantiate Appellant's point of view and need to not retreat while under attack in his own home. This withholding of evidence continued to the punishment/sentence phase as some of the same evidence could have been used to gain Appellant a lesser sentence, which would not have proceeded at all had evidence been allowed at trial. This suppression during punishment is a violation, held valid by the holdings of *McKenna V. McDaniel* and *Jeffers V. Lewis*. The introduction of withheld materials would have upheld Appellant's case during trial but wasted time and money was spent in this venture and this error, even if a review of the record results in insufficient data to conduct a harm analysis, the error will not be proven harmless and a reversal will result, *Llamas V. State (1998)*, and "some errors may 'defy' harm analysis.... [meaning that] some errors _will not_ be proven harmless because the harm can never be determined due to lack of data needed for analysis." *Llamas V. State (2000)*. In *Cain V. State*, the Seventh Court of Appeals contemplated "that some errors defy analysis by harmless error standards." These three cases essentially set the standard for harm analysis that should be conducted if an error is alleged. These also affirm that the law does not place burden on defendant to establish harm under Rule 44.2(b) of the Texas Rules of Appellate Procedure, however Appellant has done so under this Rule and 44.2(a) as well. To further aid the substantiality of Appellant's claim of self-defense, *Dyson V. State*; *Jones V. State*; and *Warren V. State*, all emphasize his belief at the time, attempted use of force was unlawful, and reasonable apprehension of danger should be taken from defendant's point of view which can all be further justified by the suppressed evidence found in this point of error. This error had a "substantial influence" over the verdict as the whole series or cumulative effect of this error and the others briefed, has in fact deprived the Appellant of not one but two fair trials, *U.S. V. Tory*.

3.

## AMENDED/SUPPLEMENTED THIRD POINT OF ERROR

The blatant disregard for policy and procedure, as well as the Constitutionally mandated and protected protocol, is a violation that should have been avoided had the arresting San Antonio Police Officer's Woodard and Morgan not been so inviting to do just that. This was accomplished by restricting his freedom of movement and liberty by placing him in handcuffs, regardless of the purpose that was alleged in the C.R. page 307, #11 and R.R. volume 2 of 6, page 166, as doing so initiated the requirements of the warnings made applicable to the states via the Constitution, against self-incrimination, *Malloy V. Hogan*, and the *Miranda* warnings to advise you of your right to counsel is made applicable to the states by *Gideon V. Wainwright*. The Supreme Court asserted that *Miranda* "Recognized that these procedural safeguards were not themselves rights protected by the Constitution but were instead measures to insure that the right against self-incrimination, Compulsory, was protected. The suggested safeguards were not intended to 'create a Constitutional straightjacket,' but rather to provide practical reinforcement for the right against compulsory self-incrimination." *Mich. V. Tucker*. Appellant was not afforded this right as officer's both testified to not having done so. The officer's knew to afford Appellant these rights but were told not and chose not to. On four seperate occasions they tried to avoid and deceive accountability using falsity and fabrication as is reflected in the record as they are consistently inconsistent, *Napue V. People V. Illinois and Moffett V. Kolb*. These factual assertions of denial of rights is supported further by the rulings in and of the Court's found in *Brewer V. Williams; Thompson V. Keohane; Dickerson V. U.S.; and Gideon V. Wainwright;* along with all the aforementioned and briefed are enough to validate this error, as the officer's in this case did not uphold the law, merely broke It themselves to aid in conviction as State had no case without their help, as Appellant was defending himself in his home in accord with State law and did not break said law(s) by doing so as illegally suppressed evidence shows justification. These Statements, as requested by C.R. pages 287-290, should have been suppressed as they were obtained in violation of Texas Code of Criminal Procedure Article 38.23, and in violation of the law, *Wilson V. State*, and violations of the Sixth Amendment Right to counsel of the United States Constitution as found in *Brewer V. Williams* and also *Rothgery V. Gillespie Cnty. Tex.* in which after right invoked by the Appellant at questioning, no counsel provided at magistrate to confer with and he was shipped to Bear County Adult Detention Center, see R.R. volume 6 of 6 page 12 of 16. Reporting Officer- Detective Garvelli's report was approved by Sergeant Cole so as to further substantiate Appellant's claim as this is knowing and willing disregard for rights and is apparently sanctioned by supervisors of the San Antonio Police Department. See *U.S. V. Tony* as point aides depravity of fair trial.

4.

## AMENDED/SUPPLEMENTED FOURTH POINT OF ERROR

As previously briefed, the admittance of testimony by the Court falls under a due process violation of the Court, _Parle V. Runnels_, as the testimony stemmed from the blatant disregard of the Fifth Amendment to the United States Constitution aided by the Texas Constitution in Article I § 10, and in _Mich V. Tucker_, the non-administered rights afforded Appellant to provide practical reinforcement for this right, are/were testimony from a source that relied upon this violation to justify it's shortcomings as an institution of illegality and currupt administrators of wrongful convictions. The right against self-incrimination, made applicable to the states by _Malloy V. Hogan_, was violated by immoral individuals who later, per the State's facilitation, produced false testimonies and inconsistent statements, _Moffett V. Kolb_ and _Napue V. People V. Illinois_, backed later at sentencing by State's witness Mr. Mendoza, that were all initiated by the Detective on Appellant's case, Det. Garvelli, telling Officer Morgan to "not read him his rights," (R.R. vol 2 of 6 pg. 201), as this justifies Appellant's claim. Their is not a good reason to violate Constitutional rights to aid an investigation or case, yet that is such the case here. The lack of truth to the investigation that Appellant's case is and was murder, is made overly clear by the very actions taken on behalf of the San Antonio Police Department as the warnings instructed not to be given are Constitutionally required for anyone in custody, see _Dickerson V. U.S._ and _Thompson V. Keohane_, to stay the violation of self-incrimination. This is a further violation of the Court and it's abuse of discretion by refusing these statements to be suppressed in violation of the law, rendering them inadmissable under Article 38.23 of the Texas Code of Criminal Procedure, _Wilson V. State_, C.R. pages 287-290. In _U.S. V. Tory_ it is cited the trial court erred having allowed errors, that of a cumulative nature, deprived Defendant of a fair trial. Such is the case for Appellant in this cause as is made evident by this supplemental Brief, initial Brief, and this cannot be ignored as the errors cited have had just such an effect of not only one trial but two.

## AMENDED/SUPPLEMENTED FIFTH POINT OF ERROR

Appellant's claim of Ineffective assistance of counsel did first appear post mistrial when trial counsel failed to raise double jeopardy prior to the commencement of the second trial which ultimately led to Appellant's conviction. This double jeopardy is barred by the provisions found in the Fifth Amendment of the United States Constitution as well as Article I §14 of the Texas Constitution and can be raised, "The question of double jeopardy is fundamental and may be raised for the first time on appeal," *Garner V. State*, as the clause found in our Constitutions "protects a criminal defendant from repeated prosecutions for the same offense", *Ex Parte Peterson*. Defense counsel in the least should have objected to the second trial or filed a pre-trial application for the Writ of Habeas Corpus as counsel is/was "Board Certified in Criminal Law, Texas Board of Legal Specialization, State and Federal Practice", as stated on his business card. This allows Appellant only two observations: either counsel aided or knew State would, in justification under manifest necessity doctrine, goad Defendant/Appellant into requesting mistrial (Counsel requested not Appellant), see also *U.S. V. Rivera* as to manifest necessity, or that counsel just simply aided the State in conviction as their first trial went badly. Counsel continued to elude to co-op with the State as no objection arose from prosecutor Wilson, prior to the reading of indictment by prosecutor Alexander, stated "Like I said, the defendant is charged with murder," (R.R. vol. 2 of 6 pg. 23) and later reading of indictment by prosecutor Alexander, (R.R. vol. 2 of 6 pg.148), which is error, see *Lombard V. Lynaugh*. Counsel continued to fall below standards as improper attack of Appellant's credibility comes on page 300 of R.R. volume 3 of 6, as prosecutor Alexander stated "Now, you have been present in the courtroom for the entire trial, right? Something that no other witness has had the benefit of. They testify, they leave, they don't get to hear what other people say, right?", as this is Appellant/Defendant's right to present at his trial and face his accusers, Sixth Amendment of the United States Constitution, Article I §10 of the Texas Constitution, and this should have been objected to, see *Agard V. Portuondo*. This violation of the Sixth Amendment of the United States Constitution is continued as the victim's character as a church goer (R.R. vol. 3 of 6 pg 279), during trial and again at sentencing (R.R. vol. 4 of 6, pgs. 62-64)(R.R. vol. 6 of 6, State's Exhibit #12) as this is severe prejudice and is prohibited, *Vela V. Estelle; Aldridge V. Cockrell; Ries V. Quarterman; Greene V. Cooper*; as well as being false testimony, *Napue V. People V. Illinois; Moffett V. Koch*, of Ricky Mendoza as made evident by pages 14 and 15 of 16 in the *Prosecution Guide* (R.R. vol. 6 of 6). (All the aforementioned cites of R.R. volume 6 of 6, page(s) blank of 16, in this supplement and already filed Brief, are for/from the *Prosecution Guide*). The sentencing phase of trial is where counsel continued to

6.

be ineffective as this is a critical stage in a criminal case where due process protects a convicted person as it does an accused at trial. "A convicted defendant has a right to procedural safeguards, such as right to counsel," see *Mempha V. Rhay*, under *United States V. Pugliese*. Under *Pugliese*, also is the requirement that sentence information, information on which sentence is based, be reliable and accurate, *Townsend V. Burke*. Testimony of Ricky Mendoza does not abide by this and more importantly and prejudicially, the admittance of Officer Robert Torres's testimony as well as disciplinary report even after being objected to (R.R. vol.5 of 6, pg. 25) and on page 26 the Honorable Pat Priest overruled even though notice has to filed with/in the Court's file and is not in this second-trial. Ms. Wilson stated on page 25 of R.R. vol. 5 of 6, that it was emailed prior to first trial and this is not valid notice. This should have been further objected to as this falls under violation of Due Process of Court's, *Park V. Runnels*, and interference by the Court's, *Geders V. United States*, *Walberg V. Israel*, as well as violating Article 37.07 of the Texas Code of Criminal Procedure. This admittance of jail disciplinary records violated the admissibility outlines of Texas Rule of Evidence 803(6) as well as the Sixth Amendment right to Confrontation of the United States Constitution, as this incident is refered to in a detailed narrative by officers, not just Officer Torres. It is clear in and from Appellant's record(s), that both the State and trial court understood the nature of this objection, and in overruling objection, the trial court clearly sided with State thus preserving Appellant's Confrontation Clause complaint. This is due to the Officer Torres relying upon his own observation and in R.R. volume 6 of 6 pages 1 and 2 of State's Exhibit 72, this can be assertained and the Confrontation Clause violation affirmed as Supervisor (under intelligle signature) and Shift Supervisor, Cpt. Brian E. Barabasz, were not present nor anyone else who's name appears, as the statements in report amount to unsworn, ex parte affidavits of government employees and as only Officer Torres appeared, violated the Confrontation Clause's type of prohibited evidence, see *Smith V. State*, as this error of the trial court, beyond a reasonable doubt, did not contribute to punishment as harm was suffered. See also *Godfrey V. Georgia* and for the accuracy of report, rather lack there of, refer to *United States V. Pugliese*, *Townsen V. Burke*, and R.R. volume 5 of 6, page 35. This should have been further objected to as "such extraneous offense evidence is admissable to prove identity when the common characteristics of each offense are so unusual as to act as defendant's signature. The signature must be apparent from a comparison of the circumstances in both cases", *Owens V. State*. In holding with this case, aforementioned has only one similar circumstance, in both cases defendant was defending himself, (R.R. vol. 3 of 6, pg. 219, Bill of Exception) and page 2 of State's Exhibit 72. The continued ineffective assistance is

7.

continued in and also a violation of Article I §10 of the Texas Constitution as due process of obtaining witnesses on Defendant's behalf and compelling their attendance was committed in not obtaining testimony or even a sworn affidavit from Matthew Steven Davis, (R.R. vol. 3 of 6, pg. 103) (R.R. vol. 5 of 6, pg. 13), as he is victim's brother and could have offered testimony to support Appellant's claim of self-defense. See *Washington V. St. of Texas* as this upholds aforementioned as in fact ineffective counsel and a fundamental element of due process. This can be held as error just as all the aforementioned errors in both this and previously filed Brief as ineffective assistance of counsel and can be tested as such by the holdings and the established test in *U.S. Cronic*. Simply one error can support the claim of ineffective counsel and it has to be determined that this and other errors did not substantialy influence the verdict. so as to deprive Defendant/Appellant of a fair trial, *Meyer V. Estelle*; *Murray V. Carrier*; and *Nero V. Blackburn*; *U.S. V. Tory*. The case of *Hardin V. Wainwright* can be cited also, as the standard for ineffective counsel is the same for both felony and death penalty cases. All of these violations could and should have been avoided by objecting to retrial, see *Robinson V. State*, in which applicable law is outlined in *Garner V. State* and *Ex Parte Peterson*. to uphold this claim further.

8.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this supplemental Brief coupled with the Brief already reviewed and on record, through this Honorable Court and Justices, the relief Appellant seeks in the form of _Reversal of Conviction and Acquittal_ and if not in the very least _Dismissal with Prejudice_, to stay a further expenditure of tax dollars as has occured twice previously and occured only due to illegality and blatant disregard for the law and justice as is mentioned, cited, and proven in both Briefs, be granted post haste.

Respectfully Submitted,
Kyle Miller SID# 968194
Appellant Pro-Se
Bexar County Adult Detention
Center-Main Jail
200 N. Comal
San Antonio, Texas, 78207



Appellant Pro-Se
Kyle Miller

9.

## CERTIFICATE OF SERVICE

I, KYLE MILLER, Appellant Pro-Se in this cause for Appeal in the Honorable Fourth Court of Appeals, certify that a true and correct copy of Supplemental Brief has been delivered to the Bexar County District Attorney's Office, 101 W. Nueva, 4th Floor, San Antonio Texas, 78205, on this the 20th day of March, 2015.

Kyle Miller, Appellant Pro-Se

10.

US POSTAGE $00.69°

ZIP 78205
041L12202049

LEGAL
MAIL

BCADC
200 N. COMAL
SAN ANTONIO, TX 78207

ATTN: CARMEN DE LEON

SUPPLEMENTAL BRIEF

pgs: #1 - #1

COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 Dolorosa, SUITE 3200
SAN ANTONIO, TX 78205

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2015 MAR 30  PM 12: 01

Keith E. Hottle

KEITH E. HOTTLE, CLERK